UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PATRICK C. PARKER (#385992)                                    CIVIL ACTION

VERSUS

BENJAMIN JOHNSON, ET AL.                    NO.: 3:11-cv-00808-BAJ-SCR

## RULING AND ORDER

Before the Court is Plaintiff's *pro se* **COMPLAINT UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983 (Doc. 1)**. The Magistrate Judge has issued a **REPORT (Doc. 16)** recommending that "[Plaintiff's] action be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i), and without leave to amend because there is no conceivable, nonfrivolous federal claim he could assert consistent with the facts alleged in his complaint which is not barred by [*Heck v. Humphrey*, 512 U.S. 477, (1994)]," (*id.* at p. 5). Plaintiff filed timely objections to the Magistrate Judge's Report. (Doc. 22).[1]

---

[1] Previously, this Court adopted the Magistrate Judge's Report and the recommendations contained therein, and dismissed Plaintiff's Complaint, noting that Plaintiff had failed to file objections to the Magistrate Judge's Report. (Doc. 18). Shortly thereafter, Plaintiff filed a motion requesting that the Court reconsider its Order adopting the Magistrate Judge's Report, and asserting that he *did indeed* file timely objections through the Louisiana State Penitentiary's legal mail system. (*See* Doc. 20 at p. 1). Accepting as true Plaintiff's claim that he filed his objections in due course, the Court granted Plaintiff's request for relief from judgment, vacated its previous Order adopting the Magistrate Judge's Report, and ordered the Clerk of Court to docket Plaintiff's objections as timely filed. (*See* Doc. 21 at p. 3).

Having carefully considered Plaintiff's **COMPLAINT (Doc. 1)** and related filings—including Plaintiff's objections[2]—the Court **APPROVES** the Magistrate Judge's **REPORT (Doc. 16)** and **ADOPTS** it as the Court's opinion in this matter. Accordingly, for the reasons explained in the Magistrate Judge's Report (Doc. 16),

**IT IS ORDERED** that Plaintiff's § 1983 **COMPLAINT (Doc. 1)** is **DISMISSED**.

Baton Rouge, Louisiana, this 7th day of July, 2014.

_____
BRIAN A. JACKSON, CHIEF JUDGE
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[2] Among other things, Plaintiff objects to the Magistrate Judge's conclusion that he is not entitled to relief on his claim for legal malpractice under § 1983. (Doc. 22 at p. 2). Plaintiff asserts that "[court-appointed] lawyers can be sued [for malpractice] through § 1983 according to [*Polk County v. Dodson*, 454 U.S. 312 (1981) and *Ferri v. Ackerman*, 444 U.S. 193, 205 (1979)]." (*Id.*). Plaintiff's interpretation of *Dodson* and *Ferri* is mistaken. In *Dodson*, the Supreme Court squarely held that "a public defender does *not* act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Dodson*, 454 U.S. at 325 (emphasis added). In *Ferri*, the Supreme Court determined that "federal law does not . . . provide immunity for court-appointed counsel in a *state* malpractice suit brought by his former client." *Ferri*, 444 U.S. at 205 (emphasis added). Accordingly, if Plaintiff is to obtain the relief he seeks for legal malpractice by his court-appointed lawyer, he must pursue his claim in Louisiana *state* court. Similarly, if Plaintiff is to prevail on his allegations that the Defendants conspired to deny him a fair trial, he must first pursue relief from conviction and confinement through habeas corpus proceedings. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) ("[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff *must* prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is *not cognizable* under § 1983." (emphasis added)).